# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HEIDI PROCTOR, as next friend of,
ETHAN PROCTOR, a minor, and
HEIDI PROCTOR and BRIAN PROCTOR,
individually,

    Plaintiffs,

v.

PANERA, LLC,

    Defendant.

Case No. 14-14824
Hon. Terrence G. Berg

## OPINION AND ORDER DENYING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT (DKT. 45)

This is a case about a young boy who reached into a crevice between the seat cushions in a booth at Panera Bread and punctured his finger on a medical needle that was there. The Court already entered summary judgment for Defendant on all but Plaintiffs' premises liability claim. Dkt. 35. A detailed discussion of the facts of this case appears in the Court's previous summary judgment order. The Court will not repeat what is contained in that order because the question currently before the Court is simple and narrow: Does the Michigan Supreme Court's recent opinion in *Lowrey v. LMPS & LMPJ, Inc.*, 500 Mich. 1 (2016) *(Lowrey II)*, require this Court to reverse course from its previous ruling and grant summary judgment to Defendant on Plaintiffs' premises liability claim?

In the Court's first summary judgment order, it relied on *Lowrey v. LMPS & LMPJ, Inc.*, 2015 WL 8484482 (Mich. Ct. App. Dec. 10, 2015) *(Lowrey I)*, for the proposition that to obtain summary judgment on a premises liability claim, a property

owner must present evidence of what constitutes a "reasonable inspection" of the property. Dkt. 35, Pg. ID 845. The Court then concluded that Defendant had failed to present evidence showing what a reasonable inspection of its booths would entail. Dkt. 35, Pg. ID 846.

*Lowrey II* reversed *Lowrey I* in part because the Michigan Court of Appeals required the property owner to present such evidence. *Lowrey II*, 500 Mich. at 8-9. As the Michigan Supreme Court made clear, that Court "has never required a defendant to present evidence of a routine or reasonable inspection" to prove "a premises owner's lack of constructive notice of a dangerous condition of its property." *Id*. at 10. So Defendant is correct that *Lowrey II* changes the rule of *Lowrey I* upon which the Court based its denial of summary judgment. But even in light of the holding in *Lowrey II*, Defendant has not demonstrated that it is entitled to summary judgment.

In *Lowrey II*, the Michigan Supreme Court restated the rule that "[a] plaintiff had to establish that [a] defendant, as a premises owner, possessed actual or constructive notice of the dangerous condition." 500 Mich. at 10. So to avoid summary judgment, a plaintiff must "proffer evidence sufficient to demonstrate a question of fact regarding defendant's actual or constructive notice of the hazardous condition." *Id*. at 11. Thus a defendant may establish its entitlement to summary judgment "by demonstrating that [a] plaintiff failed to present sufficient evidence of notice" of the hazard. *Lowrey II*, 500 Mich. at 10.

As the Court noted in its first summary judgment order, the only type of notice at issue here is constructive notice, Dkt. 35, Pg. ID 845, which Plaintiffs can show through evidence of the needle's "character or of the duration of its presence." *Lowrey II*, 500 Mich. at 11. Specifically, to prevail on their claim Plaintiffs must show that "the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Id.* at 11-12. So to survive Defendant's motion, Plaintiffs must have presented evidence of the needle's character or duration in the booth sufficient to establish a genuine issue of material fact such that a reasonable jury could find that a reasonable possessor of premises would have discovered the needle.

Defendant argues that Plaintiffs have presented no evidence that the needle was of such a character that a reasonable premises possessor would have discovered it.[1] Dkt. 45, Pg. ID 936. For support, Defendant compares this case to the facts in *Lowrey*, where the plaintiff allegedly slipped on wet stairs after having consumed a number of shots of alcohol, and for evidence that the stairs were wet submitted that her pants felt wet after she fell. *Lowrey II*, 500 Mich. at 12. Defendant's comparison is not well taken. In *Lowrey*, there was no evidence that there was even a hazard; the plaintiff did not have a picture of the allegedly wet steps or eye-witness testimony that there was a puddle on one of the steps. *Id.* at 12. Here, however, there are multiple pictures

---

[1] Defendant presents a similar argument about the duration of the needle's presence in the booth, but the Court need not reach that argument because Plaintiff has presented sufficient evidence of the needle's character to create a genuine issue of fact on whether Defendant had constructive notice.

of the needle. See Dkt. 45-8. And as the Court has already concluded, the size and nature of the needle is sufficient evidence to permit a jury to conclude that "a routine, workmanlike wiping and inspection of the seating area of the booth, in the area where EP was injured, would have resulted in the discovery of the needle or the mitigation of the hazard it created." Dkt. 35, Pg. ID 847. If a jury were to conclude that a reasonable owner of a restaurant would conduct a routine, workmanlike wiping and inspection, it could further conclude that such a reasonable premises possessor would have discovered the needle, and thus could find for Plaintiffs. Consequently, Defendant's motion is **DENIED**.

**SO ORDERED.**

Dated: May 9, 2017                                    s/Terrence G. Berg
                                                                        TERRENCE G. BERG
                                                                        UNITED STATES DISTRICT JUDGE

**Certificate of Service**

     I hereby certify that this Order was electronically submitted on May 9, 2017, using the CM/ECF system, which will send notification to all parties.

                                                                         s/A. Chubb
                                                                         Case Manager